# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN ADAMIDIS, | ) |
| Plaintiff, | ) Case No.: |
| v. | ) |
| COOK COUNTY, and UNKNOWN AND UNNAMED COOK COUNTY SHERIFF POLICE OFFICERS, | ) COMPLAINT FOR VIOLATION OF CIVIL RIGHTS |
| | ) JURY DEMANDED |
| Defendants. | ) |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff John Adamidis ("Adamidis") was and is a citizen of the United States and was within the jurisdiction of this court.

4. At all times herein mentioned the unnamed and unknown Cook County Sheriff Police Officers ("Unknown Officers") were employed by the Sheriff of Cook County, and were acting under color of state law and as the employees, agents, or representatives of the Sheriff of Cook County. These unknown and unnamed employees are being sued in their individual capacities. When the names of these employees are ascertained, Plaintiff will seek leave of Court to amend this complaint to add their names.

5. At all times Cook County was a political division of the State of Illinois, existing under the laws of the State of Illinois. At all relevant times, Cook County maintained, managed, and/or funded the Cook County Sheriff's Police Department.

## FACTUAL ALLEGATIONS

6. On July 7, 2019, Plaintiff was lawfully located at or near 8033 Parkside Avenue in the Village of Morton Grove, County of Cook, State of Illinois.

7. On that day and place Plaintiff was seized by members of the Skokie Police Department and placed in handcuffs.

8. Plaintiff is informed and believes that his seizure by members of the Skokie Police Department was caused by Unknown Officers of the Cook County Sheriff's Department falsely informing members of the Skokie Police Department that there was legal cause to seize Plaintiff.

9. Plaintiff had not committed any crimes, and the Unknown Officers of the Cook County Sheriff's Department did not have any legal cause to seize Plaintiff, or request that members of any other law enforcement agency seize Plaintiff.

10. After Plaintiff was seized by Skokie Police Officers, they turned over custody of Plaintiff to Unknown Officers of the Cook County Sheriff's Police.

11. Unknown Officers of the Cook County Sheriff's Police then transported Plaintiff to the Cook County Sheriff's Police facility located in Maywood, Illinois.

12. Upon his arrival at the Cook County Sheriff's Police Facility, Plaintiff was not formally charged with a crime or otherwise booked. However, Plaintiff was involuntarily detained for several hours by Unknown Officers of the Cook County Sheriff's Department who subjected him to questioning.

13. Several hours after being arrested and involuntarily detained, Plaintiff was released without being charged with any crime.

14. By reason of the above-described acts and omissions, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

15. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

16. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiff against Unknown Officers for
### UNREASONABLE SEIZURE

17. Plaintiff hereby incorporates and realleges paragraphs one (1) through sixteen (16) hereat as though fully set forth at this place.

18. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.

19. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendant violated Plaintiff's rights in the following manner: (1) The arrest and detention of Plaintiff was not supported by legal cause. These acts were in violation of Plaintiff's Fourth Amendment

3

rights. Therefore, Unknown Officers, and each of them, are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiff against Cook County for
### INDEMNIFICATION

20. Plaintiff hereby incorporates and re-alleges paragraphs one through nineteen (19) as though fully alleged at this place.

21. Pursuant to 745 ILCS 10/9-102, 55 ILCS 5/4 – 6003, and 55 ILCS 5/5 – 1106, Cook County is empowered and directed to pay any judgment for compensatory damage for which an independently elected Cook County officer, such as the Cook County Sheriff employees, acting within the scope of his/her employment is found liable.

22. The acts and/or omissions of the Defendants were committed within the scope of their employment.

23. In the event that a judgment for compensatory damages is entered against the Defendants, Cook County must pay the judgment.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, Ltd. requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than Cook County be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efoxlaw.com