UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN ADAMIDIS,<br><br>   Plaintiff,<br><br> v.<br><br>COOK COUNTY, et al.,<br><br>   Defendants. | No. 19 CV 07652<br><br>Judge Manish S. Shah |

## ORDER

Defendants' motion to dismiss the complaint, [25], is granted. The dismissal is without prejudice. Plaintiff has leave to file an amended complaint by June 17, 2020. If no amended complaint is filed, the dismissal will convert to a dismissal with prejudice and final judgment will be entered. If an amended complaint is filed, defendants' response to the amended complaint will be due by July 8, 2020. The parties shall also file a joint status report with a proposed case schedule on July 8, 2020.

## STATEMENT

Members of the Skokie Police Department arrested plaintiff John Adamidis. [15] ¶¶ 9–10.* Adamidis believes he was arrested because "officers or detectives" at the Cook County Sheriff's Office lied to the Skokie Police about there being cause to arrest him. [15] ¶ 11. Adamidis had committed no crimes. [15] ¶ 12. Whoever it was that tipped off the Skokie Police had no legal cause to arrest Adamidis and no legal cause to tell members of the Skokie Police Department to do it for them. [15] ¶ 12.

After arresting him, the Skokie Police placed Adamidis in handcuffs, [15] ¶ 10, and held him until three of the defendants in this case—Detectives Sheryl Collins and Maureen Donohoe and Police Officer Roger Guerra, all Cook County Sheriff's Office employees—arrived and took custody of Adamidis. [15] ¶¶ 4–5, 7, 13. Defendants Collins, Donohoe, and Guerra then transferred Adamidis to the Cook County Sheriff's facility in Maywood, Illinois. [15] ¶ 20. Once there, Collins, Donohoe, and Guerra (along with the fourth defendant, another detective at the Cook County Sheriff's Office by the last name of Lobacz, [15] ¶ 6) detained Adamidis against his will and questioned him for several hours before letting him go. *Id.* ¶¶ 21–22. He was

---

* Bracketed numbers refer to entries on the district court docket. The facts are taken from the First Amended Complaint. [15].

never formally charged, *id*. ¶ 23, and suffered humiliation, indignity, and mental and emotional pain. *Id*. ¶ 24. He alleges that defendants violated his Fourth Amendment right to be free from unreasonable seizure. *Id*. ¶¶ 27–29.

Defendants Collins, Donohoe, Guerra, and Lobacz move to dismiss the complaint. [25]. (The fifth and final defendant, Cook County, is named for indemnification purposes only, so the claim against it rises and falls with the claim against the other defendants. *See* [15] ¶¶ 30–33). A complaint must contain a short and plain statement that plausibly suggests a right to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor, but need not accept legal conclusions, bare assertions, or conclusory allegations. *Iqbal*, 556 U.S. at 680–82. Although the complaint does not have to include detailed factual allegations, it must provide more than labels and formulaic recitations of the elements of the cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint has to contain enough detail about its subject matter to "present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). If a complaint pleads facts that are "merely consistent" with liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678.

In order to state a § 1983 claim, Adamidis must allege that each defendant was (1) acting under color of state law when they (2) engaged in conduct that deprived him of the rights, privileges, or immunities secured by the Constitution or laws of the United States, and (3) that their conduct proximately caused the deprivation. *Webb v. City of Chester, Ill.*, 813 F.2d 824, 828 (7th Cir. 1987). The Fourth Amendment protects Adamidis against unreasonable seizures and provides that "no warrants shall issue, but upon probable cause." *United States v. Slone*, 636 F.3d 845, 848 (7th Cir. 2011); U.S. CONST. amend. IV. There is an exception to the warrant requirement that allows officers to arrest someone (so long as that person is outside their home) when the arresting officer has "probable cause to believe that a suspect has committed, is committing, or is about to commit an offense." *Slone*, 636 F.3d at 848. Probable cause is a "practical, nontechnical conception," that "deal[s] with probabilities" and the "factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Illinois v. Gates,* 462 U.S. 213, 231 (1983). The reasonableness of the officer's conduct must be judged objectively and in relation to the totality of circumstances. *United States v. Cortez*, 449 U.S. 411, 417 (1981) (courts should take into account "the whole picture").

Defendants advance two arguments in support of their motion to dismiss. With regard to the initial fraudulent report of criminal activity, the complaint alleges only that someone at the Cook County Sheriff's Office—and not necessarily the named defendants—made the fraudulent report. [15] ¶ 11. While it is possible that the same

detectives and officers who made that report happened to be the same officers to whom the Skokie officers delivered Adamidis, there is nothing in the complaint that nudges that allegation from possible to plausible. *Iqbal*, 556 U.S. at 678.

Officers are liable if they set in motion a series of events that they know will cause the deprivation of a plaintiff's constitutional rights. *Surita v. Hyde*, 665 F.3d 860, 875 (7th Cir. 2011). But this complaint suggests that someone other than the named defendants set these events in motion. The story it tells is that "officers or detectives" called in a false accusation about Adamidis, and a presumably-but-not-necessarily different set of officers went and took over possession of him. *See* [15] ¶ 11, 13. Even though officers that file false reports are liable for the arrests that follow, *Acevedo v. Canterbury*, 457 F.3d 721, 723 (7th Cir. 2006), this complaint suggests that the officers (or detectives) that filed the false report are not named as defendants. *See* [15] ¶ 11.

Adamidis's response brief tries to fix this problem. He says there, for the first time, that "[d]efendants falsely informed the Skokie Police Department" that there was legal cause to arrest Adamidis. [29] at 4. But he still never says which defendants. *See id*. A plaintiff opposing a motion to dismiss may "elaborate on his factual allegations so long as the new elaborations are consistent with the pleadings." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012); *Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 399 n.28 (7th Cir. 2018). But what Adamidis says in his response is not an elaboration, it is an entirely new (and critical) piece of information. It is also inconsistent with the complaint. The complaint says it was either officers or detectives that made the false reports. [15] ¶ 11. Adamidis now says it was both. [29] at 4. The complaint is dismissed for failure to state a claim insofar as it attempts to hold defendants Collins, Donohoe, Guerra, and Lobacz liable for making a fraudulent report of criminal activity to the Skokie Police Department.

The second argument defendants make is that they are entitled to qualified immunity. Qualified immunity "protects police officers who act in ways they reasonably believe to be lawful." *Wheeler v. Lawson*, 539 F.3d 629, 639 (7th Cir. 2008) (citations omitted). There are "two key inquiries for qualified immunity assertions: (1) whether the facts, taken in the light most favorable to the plaintiffs, show that the defendants violated a constitutional right; and (2) whether that constitutional right was clearly established at the time of the alleged violation." *Gonzalez v. City of Elgin*, 578 F.3d 526, 540 (7th Cir. 2009). To satisfy the second inquiry, "the right's contours must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right ... and existing precedent must have placed the statutory or constitutional question beyond debate." *Chasensky v. Walker*, 740 F.3d 1088, 1094 (7th Cir. 2014).

Complaints are not usually dismissed under Federal Rule of Civil Procedure 12(b)(6) on qualified immunity grounds, at least in part because it is often "essential to consider facts in addition to those in the complaint." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980) ("We see no basis for imposing on the plaintiff an obligation to anticipate such a defense by stating in his complaint that the defendant acted in bad faith.") But there is no hard-and-fast rule against applying the doctrine at the motion-to-dismiss stage, and sometimes it is clear on the face of the complaint that defendants are entitled to rely on it. *Doe v. Purdue Univ.*, 928 F.3d 652, 665 (7th Cir. 2019). When assessing whether qualified immunity applies at the Rule 12(b)(6) stage, the defendant faces a "more challenging standard of review than would apply on summary judgment." *Reed v. Palmer*, 906 F.3d 540, 549 (7th Cir. 2018). Under that standard, the "defendant's conduct *as alleged in the complaint* … is scrutinized for objective legal reasonableness." *Id.* (citations omitted).

Defendants say that they are entitled to qualified immunity because a reasonable officer in their position would have relied on the facts that those officers observed—i.e., that the Skokie Officers had Adamidis in custody—as probable cause to continue to detain Adamidis. [15] ¶¶ 9–13. They are right. An officer happening upon the scene of an arrest, and considering the totality of the circumstances—Adamidis in handcuffs, the Skokie police officers holding him in custody—would have reasonably concluded that Adamidis had committed a crime. *See Slone,* 636 F.3d at 848 (7th Cir. 2011); *Cortez,* 449 U.S. at 417; *Gates,* 462 U.S. at 231 (probable cause takes into account the "factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act"). The complaint fails the first part of the qualified immunity inquiry. *Gonzalez*, 578 F.3d at 540 ("whether the facts, taken in the light most favorable to the plaintiffs, show that the defendants violated a constitutional right"). And since that part is a threshold question that can "defeat entirely" the claim that any constitutional violation occurred at all, *Eversole v. Steele*, 59 F.3d 710, 717 (7th Cir. 1995), there is no need to consider whether a reasonable officer would have understood that continuing to detain Adamidis violated his Fourth Amendment rights or whether Adamidis's right to be free from such a seizure was beyond debate. *See Chasensky v. Walker*, 740 F.3d 1088, 1094 (7th Cir. 2014).

Defendants' argument invokes the collective knowledge doctrine. The collective knowledge doctrine permits officers to arrest suspects at the direction of another police agency, even if the arresting officer does not have "firsthand knowledge of facts that amount to the necessary level of suspicion to permit the given action." *United States v. Williams*, 627 F.3d 247, 252 (7th Cir. 2010) (citing *United States v. Hensley*, 469 U.S. 221, 232–33 (1985)); *United States v. Edwards*, 885 F.2d 377, 382 (7th Cir. 1989). The doctrine is not a way round *Terry v. Ohio*, 392 U.S. 1 (1968), and applies only if the officer relaying the information had knowledge of facts sufficient to justify the action. *United States v. Khan*, 937 F.3d 1042, 1052 (7th Cir. 2019). Here,

4

the allegations in the complaint show that the Skokie officers also had probable cause to arrest Adamidis. *See* [15] ¶¶ 10, 11. They received a phone call from the Cook County Sheriff's Office informing them that there was probable cause to arrest Adamidis. [15] ¶ 11; *Woods v. City of Chicago,* 234 F.3d 979, 996 (7th Cir. 2000) ("[A]n identification or a report from a single, credible victim or eyewitness can provide the basis for probable cause.") The complaint does not allege that there was any reason for the Skokie officers to disbelieve the assertions of the people calling from the Sheriff's Office. *See* [15] ¶¶ 10–12. And as discussed above, the complaint does not allege that the defendants were the source of the false report. To the degree the complaint alleges that the defendants lacked probable cause, the allegations are nothing more than legal conclusions. *Iqbal,* 556 U.S. at 678. The Skokie officers had probable cause, *see* [15] ¶¶ 11–12, and their fellow officers working alongside them at the scene did, too. *See* [15] ¶ 13.

For the same reason, when Detectives Collins and Donohoe and Officer Guerra reached the facility and presented Adamidis to Detective Lobacz, Detective Lobacz did not need to conduct his own investigation into whether his coworkers had probable cause for bringing Adamidis in. So long as he was not privy to any additional information that suggested there was not probable cause to detain Adamidis (and this complaint makes no such allegation), Detective Lobacz was entitled to rely on the totality of the circumstances which, as described on the face of the complaint, included the fact that Adamidis was delivered to Lobacz by other officers, in custody, for questioning. *See* [15] ¶¶ 21–23; *Slone,* 636 F.3d at 848 (7th Cir. 2011); *Cortez,* 449 U.S. at 417; *Gates,* 462 U.S. at 231.

Again, in his response brief, Adamidis attempts to fix this problem by asserting (for the first time) that Detective Lobacz lacked probable cause to detain him. [29] at 7–8; [15] ¶¶ 21–23. That is yet another legal conclusion, *Iqbal,* 556 U.S. at 678, and one inconsistent with the pleadings, *Geinosky,* 675 F.3d at 745 n.1, *Bishop,* 900 F.3d at 399 n.28, which demonstrate that Detective Lobacz was aware of facts that would have allowed a reasonable officer to come to the practical conclusion that Adamidis had committed a crime: Adamidis was presently under arrest and being escorted by Detectives Collins and Donohoe and Officer Guerra. As Adamidis suggests, [29] at 5 n.2, this problem might be fixed with an amended complaint. But as it stands, the First Amended Complaint fails to state a claim against Detective Lobacz.

Defendant's motion to dismiss the complaint, [25], is granted. Because this is the first dismissal, and because an amendment that sufficiently alleges the identity of the officers that made the initial fraudulent report might remedy some of the aforementioned deficiencies, the dismissal is without prejudice. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004); *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 518 (7th Cir. 2015) ("Ordinarily … a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed.")

ENTER:

*/s/ Manish S. Shah*
Manish S. Shah
United States District Judge

Date: May 27, 2020