IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN ADAMIDIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 19 CV 7652 |
| | ) | |
| v. | ) | |
| | ) | |
| COOK COUNTY, Cook County Sheriff Police | ) | |
| Detectives Sheryl Collins, Star No. 962, Maureen | ) | JUDGE SHAH |
| Donohoe, Star No. 928, Lobacz, Star No. 927, | ) | |
| and Police Officer Roger Guerra, Star No. 713, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT INITIAL STATUS REPORT**

**1.** **The Nature of the Case**

    a.    <u>Attorneys of Record</u>

For Plaintiff: The attorneys for the plaintiff are Ed Fox and Garrett Browne of Ed Fox & Associates, Ltd., 300 West Adams Street, Suite 330, Chicago, Illinois 60606. Garrett Browne will be the lead trial attorney for the plaintiff.

For Defendants Collins, Donohoe, Lobacz, and Guerra: Assistant State's Attorney David A. Adelman (lead). Cook County State's Attorney's Office, Civil Actions Bureau-Complex Litigation, 500 Richard J. Daley Center, 50 W. Washington, Room 500, Chicago, Illinois 60602.

For Defendant Cook County: Assistant State's Attorney Alexis Carr (lead) Cook County State's Attorney's Office, Civil Actions Bureau- Civil Rights/Torts, 500 Richard J. Daley Center, 50 W. Washington, Room 500, Chicago, Illinois 60602.

    b.    <u>Basis for Jurisdiction</u>

Federal jurisdiction exists under 28 U.S.C. §§ 1343 and 1331.

    c.    <u>Nature of the Claims and Any Counterclaims or Affirmative Defenses</u>

The plaintiff alleges that his Fourth Amendment rights were violated when he was seized, subjected to a custodial arrest, transported to a police facility, and interrogated for several hours. Plaintiff's initial seizure was conducted by members of the Skokie Police Department, but they did so based upon false information provided by Defendants. Defendants did not have any legal cause for Plaintiff to be seized, and they had no factual or legal basis for their subsequent decision to escalate this seizure into a custodial arrest and interrogation.

Defendants Collins, Donohoe, Lobacz, and Guerra submit that they did not violate Plaintiff's rights and deny that they provided false information to the Skokie Police Department. The Skokie Police Department detained Plaintiff after finding a vehicle belonging to Plaintiff's deceased girlfriend, who was the subject of a death investigation by Cook County Sheriff's Police, in Plaintiff's driveway. Skokie Police detained Plaintiff and turned Plaintiff over to the Defendants. Defendants were entitled to rely on Skokie's determination of probable cause in further detaining Plaintiff under the collective knowledge doctrine. Plaintiff was taken in for questioning and then released without any charges. In their answer, Defendants raised the following affirmative defenses: 1) Probable Cause to detain and/or question the Plaintiff; 2) Defendants are entitled to Qualified Immunity as a reasonable law enforcement officer, objectively viewing the facts and circumstances that confronted the Defendants could have believed their actions to be lawful in light of clearly established law; 3) Plaintiff failed to mitigate his damages; and 4) Defendants acted in good faith and in furtherance of lawful objectives.

Defendant Cook County is only a party in this case for the purpose of indemnification. Cook County filed a Motion for the Entry of an Order in Lieu of Answering *Plaintiff's Second Amended Complaint*. The motion was granted on July 8, 2020.

    d.    The major anticipated issue is whether the defendants caused plaintiff to be seized and detained without legal cause.

    e.    <u>Relief Sought and Estimate of Damages</u>

The plaintiff seeks compensatory and punitive damages. Defendants deny Plaintiff is entitled to any recovery.

**2. Pending Motions and Case Plan**

    a.    No motions are pending.

    b.    The parties propose the following discovery plan:

        i.    The parties plan to propound written discovery requests, subpoena third parties, and depose fact witnesses.

        ii.    Rule 26(a)(1) disclosures to be made by August 10, 2020.

        iii.    Initial written discovery to the Parties to be issued by August 17, 2020.

        iv.    Fact discovery to be completed by January 28, 2021.

        v.    The parties do not anticipate the use of expert witnesses at this time.

        vi.    Dispositive motions to be filed by February 25, 2021.

    c.    Parties have demanded a jury trial. The probable length of trial is 4 days.

**3. Consent to Proceed Before a Magistrate Judge**

    a.    The parties do not unanimously consent to proceed before a magistrate judge.

**4. Status of Settlement Discussions**

    a.    No settlement discussions have occurred.

    b.    Settlement discussions are not in progress.

    c.    The parties do not request a settlement conference.

Respectfully submitted,

s/ Garrett Browne

Attorney for Plaintiff
Ed Fox & Associates, Ltd.
300 West Adams Street
Suite 330
Chicago, Illinois 60606
(312) 345-8877


KIMBERLY M. FOXX
State's Attorney of Cook County

By: */s/ David A. Adelman*
David A. Adelman
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-3151
David.Adelman@cookcountyil.gov
*Attorney for Defendants Collins, Donohoe, Lobacz, and Guerra*


*/s/ Alexis D. M. Carr*
Alexis D. M. Carr
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-3141
Alexis.Carr@cookcountyil.gov
*Attorney for Defendant Cook County*

4